IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHAYDENE MURPHY,           )    CASE NO. 1:15 CV 1106
                                    )
               Plaintiff,     )
                                    )    MAGISTRATE JUDGE
      v.                           )    WILLIAM H. BAUGHMAN, JR.
                                    )
COMMISSIONER OF SOCIAL   )
SECURITY,                      )    **MEMORANDUM OPINION AND**
                                    )    **ORDER**
               Defendant.    )

## Introduction

**A.**     **Nature of the case and proceedings**

This is an action by Shaydene Murphy under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits  ("DIB") and supplemental security income ("SSI").[1]

The parties have consented to my jurisdiction.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4]

---

[1] ECF # 1.

[2] ECF # 12.

[3] ECF # 8.

[4] ECF # 9.

Under the requirements of my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

**B.      Background facts and decision of the Administrative Law Judge ("ALJ")**

Murphy, who was 43 years old at the time of the administrative hearing[11] has a tenth grade education[12] and lives with a friend.[13]  Her past work experience includes being a production worker, packer and cleaner.[14]  She was last employed in 2012 as a part-time housekeeper.[15]

The Administrative Law Judge ("ALJ") found that Murphy had the following severe impairments: degenerative disc disease (cervical), osteoarthritis, left rotator cuff infraspinous

---

[5] ECF # 5.

[6] ECF # 11.

[7] ECF # 16 (Murphy's brief), ECF # 17 (Commissioner's brief).

[8] ECF # 16-1 (Murphy's charts), ECF # 17-1 (Commissioner's charts).

[9] ECF # 15 (Murphy's fact sheet).

[10] ECF # 19.

[11] ECF #15 at 1.

[12] *Id.*

[13] ECF # 9, Transcript of Proceedings ("Tr.") at 34.

[14] *Id*. at 57-58.

[15] *Id.* at 39.

tear and headaches.[16] The ALJ decided that the relevant impairments did not meet or equal

a listing.[17] The ALJ made the following finding regarding Murphy's residual functional

capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: The claimant is able to occasionally lift twenty pounds and frequently lift ten pounds.  She is able to stand and walk for six hours out of an eight-hour workday.  The claimant is able to sit for six hours out of an eight-hour workday. She can push and pull but is limited in both upper extremities to occasional push and pull. The claimant can frequently climb ramps and stairs but she can never climb ladders, ropes or scaffolds.  She can occasionally stoop and crawl and frequently kneel and crouch. The claimant is limited in overhead reaching to occasional on the right and no overhead reaching on the left.  She is limited in handling and fingering on the left to frequently.  The claimant should avoid even moderate exposure to hazards meaning she should avoid unprotected heights and hazardous machinery.  She requires the use of a cane for ambulation only.  The claimant would be absent from work twice a month due to her impairments or treatments.[18]

Given that residual functional capacity, the ALJ found Murphy incapable of performing her

past relevant work. Applying the medical-vocational grids in Appendix 2 of the regulations,

the ALJ found Murphy not under a disability.[19]

Based on an answer to a hypothetical question posed to the vocational expert at the

hearing incorporating the RFC finding quoted above, the ALJ determined that a significant

---

[16] *Id*. at 14.

[17] *Id*. at 15.

[18] *Id.* at 16.

[19] *Id.* at 21.

number of jobs existed locally and nationally that Murphy could perform.[20] The ALJ, therefore, found Murphy not under a disability.[21]

The Appeals Council denied Murphy's request for review of the ALJ's decision.[22] With this denial, the ALJ's decision became the final decision of the Commissioner.[23]

## C.    Issues presented

Murphy asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Murphy presents the following issue for judicial review:

- •    Whether the ALJ's Assessment of Ms. Murphy's residual functional capacity is supported by substantial evidence when it places significant weight upon reports issued prior to Ms. Murphy's cervical fusion and the introduction of evidence of a torn rotator cuff.

For the reasons that follow, I conclude that the ALJ's no-disability finding has the support of substantial evidence. The denial of Murphy's application will be affirmed.

---

[20] *Id.* at 20.

[21] *Id.* at 21.

[22] *Id.* at 1.

[23] *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 648 (6th Cir. 2011); 20 C.F.R. §§ 404.981 and 416.1481.

**Analysis**

**A.     Standards of review**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable

to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[24]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable

minds could reach different conclusions on the evidence. If such is the case, the

---

[24] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

Commissioner survives "a directed verdict" and wins.[25] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[26]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## B.    Application of standards

Murphy here raises the issue of whether the RFC in this case was supported by substantial evidence.  Specifically, Murphy contends that the ALJ's reliance on the functional opinions of the state agency reviewing physicians was misplaced because those opinions predated her torn rotator cuff and subsequent two-level cervical fusion.[27]  Rather than accepting the opinions of the SARP's under these circumstances, Murphy argues that the ALJ should have requested an RFC from her treating physician, ordered a consultative examination, or obtained the testimony of a medical expert.[28]

Initially, as I previously discussed in *Deskin v. Commissioner of Social Security*,[29]there is undoubtedly "cause for concern" when an ALJ makes an RFC determination in the absence of any medical source opinion on that issue or in reliance on opinions made without

---

[25] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[26] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[27] ECF # 16 at 13.

[28] *Id*.

[29]  *Deskin v. Commissioner of Social Security*, 605 F.Supp.2d 908 (N.D.Ohio 2008).

-6-

review of a substantial part of the medical record.[30]  But, as I later clarified in *Kizys v. Commissioner of Social Security,*[31] *Deskin*, properly understood, merely sets out a "narrow rule" that potentially applies only when the RFC is based on no medical opinion evidence or upon an outdated source opinion that did not consider a critical body of objective medical evidence.[32]  In all other case, the ALJ has the authority to render an RFC "without a proper source opinion where the medical evidence shows relatively little physical impairment and the ALJ can render a commonsense judgment about functional capacity.[33]

In that regard, courts construing *Deskin* have found that it is relevant to consider the value of a new medical opinion when there is no substantial, lengthy period of time between the date of a state agency reviewer's opinion and the allegedly new medical evidence that was purportedly not considered.[34]  In addition, courts have found that even in the absence of a medical source opinion, there is no need for additional opinion evidence where the treatment notes are written in narrative form and clearly convey the nature of a procedure, the claimant's condition, and any subsequent treatment and recovery.[35]

---

[30] *Id*. at 911.

[31]  *Kizys v. Commissioner of Social Security*, 2011 WL 5024866 (N.D. Ohio Oct. 21, 2011).

[32] *Id*. at *2.

[33] *Id*. (internal quotations and footnotes omitted).

[34]  *See*, *Adams v. Colvin,* 2015 WL 4661512, at *16 (N.D. Ohio Aug. 5, 2015)(collecting cases).

[35] *Id*.

Moreover, there is no dispute that it is the claimant, especially when represented by counsel, as here, who has the duty to produce and develop a complete record with evidence sufficient to render a finding as to disability.[36]  Further, it is clear that the decision as to whether a consultative examination should be conducted is a discretionary one, and depends on a predicate finding of the ALJ that the record is insufficient to properly evaluate the claim.[37]

In this case, as the Commissioner observes,[38] the ALJ specifically noted and discussed treatment notes from Dr. Richard Kratche, M.D., which arise from visits subsequent to Murphy's cervical diskectomy, and deal with treatment for her rotator cuff tear.[39]  In particular, the ALJ found that these post-surgery and post-tear treatment notes showed Murphy was performing physical therapy at home using five pound weights, and had increased her range of motion.[40]  The ALJ further found that the treatment notes showed that Murphy had functioned without her usual pain medications for a one week period, and reported that her shoulder pain was better.[41]  Of perhaps greater importance, the ALJ noted that Dr. Kratche himself found that symptoms from Murphy's rotator cuff tear were

---

[36] *Wright-Hines v. Comm'r of Soc. Sec.,* 597 F.3d 392, 396 (6th Cir. 2010).

[37] *Adams,* 2015 WL 4661512, at * 17 (citations omitted).

[38] ECF # 17 at 7.

[39] Tr. at 18.

[40] *Id*. (citing record).

[41] *Id.* (citing record).

improved with medication, and that the weakness in her left hand had improved to them point where she was no longer dropping cups.[42]

Moreover, in addition to these "narrative" treatment notes from a treating physician that clearly set out relevant data to a functional limitations determination, the ALJ, as noted above, relied on the opinions of two state agency reviewing physicians, with the first rendered only several months before the February 2013 surgery and the second just weeks earlier.[43] Consistent with the case authority cited above, the brief period of time between these opinions and the alleged new information, as well as the detailed treatment notes that document the surgery and its results, do not deprive the decision here of the support of substantial evidence, nor give rise to any conclusion that the ALJ abused her discretion in not seeking a consultative examination or the opinion of a vocational expert.

## Conclusion

For the reasons stated, I find that the decision of the Commissioner that Murphy is not disabled is supported by substantial evidence, and accordingly that decision is here affirmed.

IT IS SO ORDERED.

Dated: August 30, 2016        s/ William H. Baughman, Jr.
United States Magistrate Judge

---

[42] *Id*. (citing record).

[43] Dr. Leon Hughes, M.D. rendered his opinion on December 28, 2012, and Dr. Lynne Torello, M.D., rendered her opinion on February 9, 2013. *See, id.* at 19.

-9-